IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERTO MANUEL CHAVEZ YANEZ, LETICIA CELIS ORTEGA, SUSANA CHAVEZ CELIS, CESAR CHAVEZ CELIS and MIGUEL CHAVEZ CELIS, Individually, on behalf of themselves and ROBERTO CHAVEZ CELIS, Deceased, *Plaintiffs*, | § § § § § § § § § | CASE NO. 5:19-CV-1065 |
| v. | § § | |
| WWGAF, INC., d/b/a ROCKIN R RIVER RIDES AND UME, INC, d/b/a CAMP HUACO SPRINGS, *Defendants.* | § § § § § | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Roberto Manuel Chavez Yanez, Leticia Celis Ortega, Susana Chavez Celis, Cesar Chavez Celis, and Miguel Chavez Celis, Individually, on behalf of themselves and Roberto Chavez Celis, Deceased, "Plaintiffs" herein, and complain of WWGAF, INC., d/b/a ROCKIN R RIVER RIDES and UME, INC., d/b/a CAMP HUACO SPRINGS, "Defendants" herein, and for causes of action will show:

### PARTIES

1.      Plaintiffs Roberto Manuel Chavez Yanez and Leticia Celis Ortega are the biological parents of Roberto Chavez Celis, Deceased. Roberto Manuel Chavez Yanez and Leticia Celis Ortega are citizens of Mexico and are residents of Guadalajara, Jalisco, Mexico. These Plaintiffs are entitled to bring this action on behalf of all beneficiaries pursuant to Tex. Civ. Prac & Rem. Code Ann §71.004(b) for themselves and as heirs to the estate of Roberto Chavez Celis, Deceased, pursuant to Tex. Civ. Prac & Rem. Code Ann §71.021.

2. Plaintiff Susana Chavez Celis is the adult sister of Roberto Chavez Celis, Deceased, and is entitled to seek recovery from Defendants due to her bystander claims as she was at the scene of Roberto Chavez Celis' drowning death, witnessed him disappear into the river, and witnessed his lifeless body being recovered from the river. Plaintiff Susana Celis is a resident of San Antonio, Bexar County, Texas.

3. Plaintiff Cesar Chavez Celis is the adult brother of Roberto Chavez Celis, Deceased, and is entitled to seek recovery from Defendants due to his bystander claims as he was at the scene of Roberto Chavez Celis' drowning death, witnessed him disappear into the river, and witnessed his lifeless body being recovered from the river. Plaintiff Cesar Chavez Celis is a resident of Guadalajara, Jalisco, Mexico.

4. Plaintiff Miguel Chavez Celis is the adult brother of Roberto Chavez Celis, Deceased, and is entitled to seek recovery from Defendants due to his bystander claims as he was at the scene of Roberto Chavez Celis' drowning death, witnessed him disappear into the river, and witnessed his lifeless body being recovered from the river. Plaintiff Plaintiff Miguel Chavez Celis is a resident of Guadalajara, Jalisco, Mexico.

5. Roberto Chavez Celis was 30 years old when he drowned in the Guadalupe River. He was never married and he has no children and no children are expected. At the time of his death, Roberto was a resident of San Antonio, Bexar County, Texas.

6. Defendants WWGAF, INC., d/b/a ROCKIN R RIVER RIDES and UME, INC., d/b/a CAMP HUACO SPRINGS are Domestic For-Profit Corporations with their principal place of business located in New Braunfels, Comal County, Texas. Defednants are owned by two brothers and operate as a joint venture river outfitter and river campground at the 1st crossing of the Guadalupe River on River Road in Comal County, Texas.

7. Defendant WWGAF, INC., d/b/a ROCKIN R RIVER RIDES can be served by serving its **Registered Agent: R. D. Rivers, 1405 Gruene Road, New Braunfels, Texas, 78130** by private personal service.

8. Defendant UME, INC., d/b/a CAMP HUACO SPRINGS RIDES can be served by serving its **Registered Agent: W. G. Rivers, 1405 Gruene Road, New Braunfels, Texas, 78130** by private personal service.

## JURISDICTION

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(2) as a dispute between citizens of a State and citizens or subjects of a foreign state. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. §1332.

## VENUE

10. Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §1391(a). Defendants operate their business joint venture within the United States District Court for the Western District of Texas, San Antonio Division. Additionally, a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in Comal County, Texas, which is within the jurisdiction of the Western District of Texas, San Antonio Division.

## HEIRS, WRONGFUL DEATH BENEFICIARIES, AND CLAIMANTS

11. The names of the heirs and wrongful death beneficiaries and their relationship to Roberto Chavez Celis, Deceased, are as follows:

| Name | Relationship |
|---|---|
| Roberto Manuel Chavez Yanez | Father |
| Leticia Celis Ortega | Mother |

## BYSTANDER CLAIMANTS

| Name | Relationship |
|---|---|
| Susana Celis | Sister |
| Cesar Chavez Celis | Brother |
| Miguel Chavez Celis | Brother |

## STATEMENT OF FACTS

12. On **July 11, 2019**, Leticia Celis Ortega, Roberto Chavez Celis, Susana Chavez Celis and her husband Jose Hernandez, Cesar Chavez Celis, Miguel Chavez Celis, and their minor children paid $30.00 to park at Defendants' businesses located at 4484 River Road near the 1st crossing of the Guadalupe River. Plaintiffs and family members paid to park so they could access the Guadalupe River using Defenfants' property.

13. Roberto Chavez Celis found an inflatable beach ball and was tossing it back and forth to the minor children in the group. The ball started to float away down the river with the current. Roberto Chavez Celis, who was in knee deep water, walked after the ball when suddenly and without warning, he vanished. In fact, the family was filming Roberto going after the ball, they panned the camera away for a moment and when they panned back, he was gone.

14. Unknown to Roberto, there was an 15-20 foot deep drop off with hidden pockets in the river and when Roberto fell into it, he could not resurface due to the strong undertoe current and possibly a foot entrapment due to debris and he drowned. Roberto was only 30 years old. He was extremely physically fit, worked out at his local gym several days a week, and he was a strong swimmer. Roberto never consumed alcohol nor did he smoke or use tobacco products. Roberto was not under the influence of prescription or illegal drugs when he died. An autoposy report is pending. The Comal County Sheriff's Office's investigative report is also pending. There were so many hidden pockets and holes at the bottom of this 15-20 foot drop-off that it took first responder SCUBA divers 2 ½ hours to locate Roberto's body.

15. Roberto and his family had never been to the Guadalupe River before and were unaware of its dangers. They choose Defendants' business property known as Camp Hueco Springs and Rockin R and paid the required $30 access and parking fee so as to have access to the river and use Defendants' BBQ pits and grills that they intended to use to cook the various meats they had brought with them in coolers.

16. Defendants Camp Hueco Springs and Rockin R have no warning signs posted giving business invitees notice of known dangers such as river flow, strong undercurrents, under water drop-offs, and natural and manmade debris on the bottom of the river that can cause someone to get entangled and unable to reach the surface. Defendants Camp Hueco Springs and Rockin R, by and through their employees, failed to give Plaintiffs any verbal warnings of known dangers or river safety orientation.

17. The proximate cause of Roberto's death was Defendants and their management and employees' negligence in failure to warn of a known dangerous river conditions, failure to known their customer and ask questions, failure to offer lifesaving equipment while engaged in a known dangerous activity, failure to render aid, failure to search for Roberto or investigate and remedy the situation, lack of employee supervision and training, and lack of safety policies and procedures.

## RES IPSA LOQUITUR

18. The last time Roberto was seen alive, he was walking in knee deep water when suddenly he vanished as if he fell into a hole or was pulled down under the water. Roberto was pulled down into the depths of the Guadalupe River and was unable to resurface and drowned. People are not supposed to drown on the Guadalupe River if river outfitters behave in a reasonable and prudent manner when dealing with paying customers who have never visited the

river before. Absent direct evidence of contributory negligence and/or third-party negligence, a jury can infer negligence on the part of Defendants based on the facts pled above and the cause of action detailed below. *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex.1990).

**CAUSES OF ACTION: Negligence, Negligence Per se, and Negligent Activity**

19. Defendants owed a legal duty to warn and advise Roberto Chavez Celis and his family, who were paying customers and had never been in the Guadalupe River before, of the known dangers of the Guadalupe River and Defendants breached that duty by failure to warn, failure to educate, failure to offer safety options, and failure to properly supervise and train its employees on proper safety precautions and protocol.

    a. **Superior Knowledge of Risk** – Defendants Camp Hueco Springs and Rockin R have been in business on the Guadalupe River for decades. Through years of renting camp sites and providing access to the river as well as renting tubes, rafts, and canoes, Defendants knew that the numerous people drown or are seriously injured on the Guadalupe River each summer. In fact, 29 year old Eddie Torres of San Antonio drowned on the Guadalupe River under similar circumstances on Easter Sunday, April 21, 2019; just two months earlier. Defendants Camp Hueco Springs and Rockin R, by lack of warning to customers such as Roberto Chavez Celis and his family of known dangers, lack of supervision and training of its employees, and lack of a safety protocol, results in Camp Hueco Springs and Rockin R engaging in a negligent activity and a breach of ordinary care and reasonable prudence as well as a breach of the legal duty to warn and educate their customers. (*See* W.O.R.D. violation below.) These failures were the proximate cause of Roberto's drowning death.

    b. **Respondeat Superior** – Defendants' employees were not trained on safety procedures nor do they warn paying customers of the known risks associated with the

Guadalupe River. Defendants' employees failed to inform customers of river currents, under water drop-offs, debris in the river, river flow, change in river depth and failed to inquire about the customers' swimming abilities. Defendants' employees even failed to offer life jackets. Roberto drowned because he fell into a deep hole under the water that he was not warned about and was caught in a known dangerous drop-off with a strong undercurrent. Roberto, due to Defendants' and Defendants' employees' failure to warn and educate, lacked the material information he needed to make the right decision for himself. Therefore, under the legal theory of respondeat superior, Defendants Camp Hueco Springs and Rockin R are vicariously liable for the acts and omissions of their unsupervised, untrained and unskilled employees while they were acting within the scope of their employment for the benefit of Defendants.

    c.    **Negligence Per Se** – Defendants, acting through managerial employees or agents, were negligent per se. Defendants violated W.O.R.D. Rules and Regulations. W.O.R.D. is the Water-Orinted Recreation District of Comal County. W.O.R.D. is a park and recreation district created by the Texas Legislature in 1987. One of W.O.R.D.'s many missions is to promote safe and responsible water recreation. Defendants Camp Hueco Springs and Rockin R are W.O.R.D. permit holders and therefore subject to W.O.R.D. rules and regulations. Defendants Camp Hueco Springs and Rockin R violated **W.O.R.D. Rule 100.6** which reads as follows:

**(c) Instructions on Water Safety and Boating Safety: All permit holders providing water oriented recreation equipment for rent shall:**

    **(1) Display public safety information at principal locations;**

    **(2) Provide safety orientation to all customers.**

The Defendants failed then and still are not displaying public safety information at their location on River Road where Roberto drowned. Further, Roberto and his family members did not receive any type of safety orinentation or warning such as: "The water is knee deep here but be carfeful going over there. There is a 20 foot underwater drop-off with a strong undercurrent. Would anyone like a life jacket?" Instead, Defendants took Plaintiffs' money and merely wished them a good time. This violation constituted negligence and negligence per se and was a proximate cause of Roberto's drowing death.

d. **Negligent Activity** - By its very nature, sending unsuspected people into a fast moving natural flowing Texas river is a dangerous activity. Defendants Camp Hueco Springs and Rockin R voluntarily took it upon themselves decades ago to engage in the activity renting camping spaces, access to the Guadalupe River, the renting tubes, rafts, and canoes, to customers in exchange for cash. Roberto and his family members were never warned by Defendants Camp Hueco Springs and Rockin R that he could drown and die nor was he warned of the historical dangers of the Guadalupe River. Accordingly, Plaintiffs seek recovery under a Negligent Activity theory which requires that Roberto Chavez Celis be injured (or in this case; die) by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. Negligence as applied to Defendants Camp Hueco Springs and Rockin R under the Negligent Activity context means simply, doing or failing to do what a person or business owner of ordinary prudence in the same or similar circumstances would have not done or done. *See Del Largo Partners v. Smith*, 307 S.W.3d 762 (Tex.2010) and *Keetch v. Kroger Co.*, 845 S.W.2d 262 (Tex.1992).

e. **Negligent Supervision and Training** - Defendants further breached their duty to Roberto and his family by not providing their employees and management with proper

supervision, safety training, by not providing employees and management with knowledge and education of life saving measures including CPR and search & rescue procedures, by not providing employees and management with safety materials and by not having a formal safety policy or protocol to follow if a customer goes under water or goes missing. Defendants breached their duty to Roberto and his family by not providing them with the requirements outlined in W.O.R.D. Rule 100.6 (c) above and not warning Roberto and his family of the Guadalupe's dangers such as underwater drop-offs and strong undercurrents which can be and were deadly so Roberto and his family members could make a wise and educated decision regarding their own safety. Further, Defendants' failure to warn of a known danger fell below that the standard of care of a reasonable and prudent river outfitter. Serious bodily injury and death are foreseeable consequences of operating a river recreation business. A reasonable and prudent business engaged in the business of water recreation on the Guadalupe River would have in place the necessary supervision and training detailed above to ensure the safety of their customers. Defendants' acts and omissions fell below the standard of care of a reasonable and prudent river water recreation business and that failure was a proximate cause of Roberto Chavez Celis' death.

## SURVIVAL DAMAGES

20. The negligent and grossly negligent acts and omissions of Defendants caused the tragic death of Roberto Chavez Celis.

21. Pursuant to Tex. Civ. Prac & Rem. Code Ann §71.021(a) and (b), Plaintiffs are entitled to recover for the physical pain and mental anguish suffered by Roberto Chavez Celis during the 8 minutes or more that it took for him to drown and die.

22. Plaintiffs are also entitled to recover any medical and first responder expenses incurred by the decedent.

23. Plaintiffs are entitled to recover funeral and burial expenses for the decedent including the cost to return Roberto Chavez Celis' remains back to Guadalajara, Jalisco, Mexico for inturment in the Panteon San Joaquin.

## WRONGFUL DEATH DAMAGES

24. The wrongful death beneficiaries in this case are Roberto's biological father and mother; Roberto Manuel Chavez Yanez, Leticia Celis Ortega, pursuant to Tex. Civ. Prac & Rem. Code Ann §71.004 (b).

25. Plaintiffs bring this suit for the wrongful death of Roberto Chavez Celis pursuant to Tex. Civ. Prac & Rem. Code Ann §71.002(a) and (b). "A person is liable for damages arising from an injury that causes an individual's death if the injury was caused by the person's or his agent's or servant's wrongful act, negligence, carelessness, unskillfulness, or default."

26. Plaintiffs bring this action and are entitled to recover damages for loss of consortium and damage to the child/parent relationship, including the loss of love, affection, solace, comfort, companionship, society, assistance, future wages, inheritance, and emotional support previously enjoyed by Roberto's mom and dad.

27. Plaintiffs bring this action and are entitled to recover damages for their severe mental depression and anguish, grief, and sorrow that they have suffered, and in all reasonable probability, will continue to suffer indefinitely into the future as a result of the death of their beloved son Roberto.

## BYSTANDER CLAIMS

28. A bystander who witnessed another person's injury can recover mental-anguish damages for emotional distress by providing (1) the defendant negligently inflicted serious or fatal injuries on the primary victim, (2) the bystander was located near the scene of the accident, (3) the bystander suffered shock as a result of a direct emotional impact from a sensory and contemporaneous observance of the accident, and (4) the bystander and the victim were closely related. *See United Servs. Auto. Ass'n v. Keith*, 970 S.W.2d 540, 541-42 (Tex.1998).

29. Plaintiffs Leticia Celis Ortega (mother), Susana Chavez Celis (sister), Cesar Chavez Celis (brother), and Miguel Chavez Celis (brother) were all present on the Guadalupe River with Roberto Chavez Celis and watched as he walked in knee deep water towards the inflatable beach ball and suddenly was swallowed up by the river. In fact, Plaintiff Susana Chavez Celis was video recording Roberto on her iPhone when he disappeared. These four Plaintiffs and close family members went into immediate panic mode when Roberto failed to resurface. They screamed for help as the minutes ticked away. These four Plaintiffs were at the scene when first responders arrived and after 2 ½ hours located Roberto's body, and removed it from the river lifeless and pale in color. One of the first responders, a SCUBA diver, was quoted by the Hearld Zeitung as saying that Roberto was found in 15-20 feet of water and the search was hampered by "hidden pockets" benith the water's surface. "These four Plaintiffs were present as first responders attempted CPR and other life saving measures on Roberto only to realize it was too late and Roberto was pronounced him dead at 5:10 p.m. in front of his mother and his siblings.

30. The bystander must prove she had a close familial relationship to the victim. *Keith*, 970 S.W.2d at 541-42. "Closely related" means relatives residing in the same household

or parents, siblings, children, and grandparents of the victim. *Rodriguez v. Motor Express, Inc.*, 909 S.W.2d 521, 525 (Tex.App—Corpus Christi, 1995). Plaintiffs Leticia Celis Ortega (mother), Susana Chavez Celis (sister), Cesar Chavez Celis (brother), and Miguel Chavez Celis (brother) all qualify as bystanders who all experienced sever shock, distress, emotional trauma and mental anguish as they watched Roberto drown, waited hours for his recovery, watched as life saving measures were attempted and failed, and watched as Roberto was pronounced dead and placed in a body bag.

## GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

31. Plaintiffs' injuries resulted from Defendants' gross negligence, which entitles Plaintiffs to exemplary damages under Tex. Civ. Prac & Rem. Code Ann §41.003(a) and Tex. Civ. Prac & Rem. Code Ann §71.009. Gross Negligence is defined under Tex. Civ. Prac & Rem. Code Ann §41.001(11) (A) & (B) as "an act or omission: which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others."

## DEMAND FOR JURY TRIAL

32. Plaintiffs demand a jury trial on all issues herein set forth.

## PRAYER

33. For these reasons, Plaintiffs asks that the Court to set this cause for jury trial and after such trial, sign a judgment against Defendants for the following:

    a. A judgment against Defendants for Plaintiffs' damages set forth above;

    b. Actual damages (economic and non-economic);

c. Exemplary damages;

d. Prejudgment and post-judgment interest;

e. Court costs; and

f. All other relief to which Plaintiffs are entitled.

Respectfully submitted,

By: *[signature]*

LAW OFFICE OF RUDY CASTILLO, P.C.
Gregory V. Gallagher
State Bar No. 24032336
Rodolfo Castillo
State Bar No. 24000489
2621 Rockgate
San Antonio, Texas 78227
Tel:  (210) 349-7827
Fax:  (210) 340-4530
E-Mail: ggallagher@rudycastillolaw.com
         RC@rudycastillolaw.com
**Attorney in Charge for Plaintiffs**

Page 13 of 13