IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERTO MANUEL CHAVEZ YANEZ, INDIVIDUALLY, ON BEHALF OF THEMSELVES AND ROBERTO CHAVEZ CELIS, DECEASED; LETICIA CELIS ORTEGA, INDIVIDUALLY, ON BEHALF OF THEMSELVES AND ROBERTO CHAVEZ CELIS, DECEASED; SUSANA CHAVEZ CELIS, INDIVIDUALLY, ON BEHALF OF THEMSELVES AND ROBERTO CHAVEZ CELIS, DECEASED; CESAR CHAVEZ CELIS, INDIVIDUALLY, ON BEHALF OF THEMSELVES AND ROBERTO CHAVEZ CELIS, DECEASED; AND MIGUEL CHAVEZ CELIS, INDIVIDUALLY, ON BEHALF OF THEMSELVES AND ROBERTO CHAVEZ CELIS, DECEASED; | § § § § § § § § § § § § § § § § | SA-19-CV-01065-DAE |

   *Plaintiffs,*

vs.

WWGAF, INC., UME, INC,

   *Defendants.*

### **ORDER**

  Before the Court in the above-styled cause of action Defendants' Motion for Status Conference and Protection [#13], which was referred to the undersigned for disposition. Consistent with the referral, the Court held a status conference in this case on November 8, 2019, at which all parties were present through counsel.

  Contained within in same filing as the motion before the Court were the Defendants' Motion to Dismiss for Lack of Jurisdiction and Motion to Dismiss for Failure to State a Claim. Judge Ezra dismissed these motions as moot in light of the filing of Plaintiffs' Amended

1

Complaint in the same text Order by which he referred the instant motion. Defendants' Motion for Status Conference and Protection requests that the Court stay Defendants' obligation to respond to Plaintiffs' pending written discovery until the Court rules on the threshold issues Defendants raised in their motions to dismiss.

Although Judge Ezra's dismissal of the Defendants' motions to dismiss would have mooted this request for relief, prior to the status conference Defendant WWGAF filed a renewed Motion to Dismiss for Failure to State a Claim along with its Answer, acknowledging that Plaintiffs had cured the jurisdictional defects in their Original Pleading, but re-urging their argument that Plaintiffs' claims should be dismissed because Plaintiffs cannot establish an essential element of their negligence claims, that Defendants owed the decedent a legal duty. Although Defendant UME had not yet filed an answer or other responsive pleading to the Amended Complaint at the time of the status conference, UME represented at the hearing that it would also file a responsive pleading seeking dismissal for lack of duty as well. (The Tuesday following the hearing, Defendant UME did, in fact, file its Motion to Dismiss.) Thus, the relief Defendants seek—protection from discovery until the threshold duty question is decided—remains ripe.

At the status conference, the parties briefly stated their legal positions on the issue of Defendants' duty but were unable to agree about certain factual predicates related to that issue, and thus it appears some discovery may be necessary for the Court to be able to rule on the duty issue. According to the parties, Plaintiffs' pending written discovery requests are expansive in scope and not limited to the duty issue. During the hearing, Plaintiffs agreed to withdraw their pending written discovery requests. Phased discovery would conserve the parties' and judicial discovery in this case. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (trial court has

broad discretion and inherent power to stay or limit discovery until preliminary questions that may dispose of case are determined). Therefore, at this time, the Court will order the parties to limit discovery to the threshold issue of duty and to brief the Court on the same after they have completed that limited discovery or reached agreements regarding facts that can be stipulated (e.g., the ownership of the river, the nature of the decedent's relationship with each Defendant, etc.). Although Defendants have presented their duty arguments in motions to dismiss, if evidence is required to resolve the disputed question, then the motions may have to be converted to summary-judgment motions. *See* Fed. R. Civ. P. Rule 12(d).

In accordance with the foregoing, and to memorialize the rulings the Court announced at the status conference, the Court now enters the following:

**IT IS HEREBY ORDERED** that action Defendants' Motion for Status Conference and Protection [#13] is **GRANTED** as follows:

- Plaintiffs are ordered to withdraw their existing served discovery in accordance with their agreement at the conference;

- Both parties are ordered to limit their discovery to facts relevant to the question of whether Defendants owed a legal duty to the deceased;

- Defendant UME, Inc. is permitted to file a motion to dismiss on legal duty, to which Plaintiffs will have 14 days to respond under this Court's Local Rules;[1]

- All other discovery is stayed pending the District Court's resolution of the pending motions to dismiss.

---

[1] The Court again notes that UME, Inc. filed its motion to dismiss on November 11, 2019 [#23], consistent with this Court's oral ruling.

3

**IT IS SO ORDERED.**

SIGNED this 13th day of November, 2019.

                                        ELIZABETH S. ("BETSY") CHESTNEY
                                        UNITED STATES MAGISTRATE JUDGE