IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERTO MANUEL CHAVEZ YANEZ, INDIVIDUALLY, ON BEHALF OF THEMSELVES AND ROBERTO CHAVEZ CELIS, DECEASED; LETICIA CELIS ORTEGA, INDIVIDUALLY, ON BEHALF OF THEMSELVES AND ROBERTO CHAVEZ CELIS, DECEASED; SUSANA CHAVEZ CELIS, INDIVIDUALLY, ON BEHALF OF THEMSELVES AND ROBERTO CHAVEZ CELIS, DECEASED; CESAR CHAVEZ CELIS, INDIVIDUALLY, ON BEHALF OF THEMSELVES AND ROBERTO CHAVEZ CELIS, DECEASED; AND MIGUEL CHAVEZ CELIS, INDIVIDUALLY, ON BEHALF OF THEMSELVES AND ROBERTO CHAVEZ CELIS, DECEASED; <br><br>*Plaintiffs,* <br><br>vs. <br><br>WWGAF, INC., UME, INC, <br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § § § | SA-19-CV-01065-DAE |

## ORDER

Before the Court in the above-styled cause of action are the Motions to Quash filed by Defendants WWGAF, Inc. and UME, Inc. [#86, #89], which were referred to the undersigned for disposition. The motions concern subpoenaed financial and payroll records pertaining to both Defendants from three separate banking institutions and financial and tax records from an accountant used by both Defendant, Hugh A. Lancaster, CPA. Plaintiffs maintain that the information is relevant to their allegation that Defendants operate their two businesses as a joint venture and Plaintiff's claim for punitive damages.

The subpoena request at issue seeks the following:

1

> all tax, accounting statements, W2's, 1040's, 1099's, and all other completed IRS forms, tax, payroll, and accounting records pertaining to (1) WWGAF, Inc. d/b/a Rockin R River Rides and (2) UME, Inc. d/b/a Camp Huaco Springs, from January 1, 2015 to Present. Further, all PPP applications, supporting documents, and PPP receipts as well as documents or checks reflecting distribution of PPP funds to WWGAF, Inc. d/b/a Rockin R River Rides and UME, Inc. d/b/a Camp Huaco Springs employees, management, and staff from January 1, 2020 to Present.

Defendants objected to the subpoena as seeking irrelevant and confidential financial information and as overbroad. The parties conferred prior to the scheduled hearing on the motion and were able to reach certain agreements regarding the requested discovery. As to Plaintiffs' claim of punitive damages, the parties agree that in the event of a denial of Defendants' pending summary judgment motions, Defendants will provide a current profit and loss statement showing their current net worth within 60 days after the Courts order denying summary judgment. As to Plaintiffs' allegations of joint partnership, the parties agreed to limit the requested discovery to the time period from January 1, 2019 to December 31, 2019 and to narrow the issue of what can be subpoenaed from Mr. Lancaster, the accountant.

The parties appeared through counsel for a telephonic hearing before the Court on this day. At the hearing and with the assistance of the Court, the parties were able to reach further agreement that the accounting information sought by Plaintiffs would be obtained by Mr. Lancaster answering a written deposition question of whether there was sharing of profits and losses between Defendants in 2019 and 2020. Plaintiffs also narrowed the category of documents they are subpoenaing to profit and loss statements for each Defendant and any other accounting documents that would reflect Defendants' profits and losses for 2019.

The parties also discussed documentation related to PPP loans obtained by Defendants in 2020, which is one of the categories of documents included in the subpoena to the accountant. Defendants represented at the hearing that the accountant does not have copies of the PPP

applications and related documents and was not involved in preparing the PPP applications. In response, Plaintiffs informed the Court that they served requests for production directly to Defendants related to these loans. Defendants indicated that they have check stubs related to these loans in their possession and could produce them in response to the requested discovery. As the Court stated at the hearing, the parties are free to reach agreements as to this additional discovery request that is not before the Court. The parties are reminded that pursuant to Local Rule 16(d), parties may continue discovery by agreement after the discovery deadline has expired, but absent exceptional circumstances, the Court will not entertain discovery disputes after that deadline has expired.

**IT IS THEREFORE ORDERED** that the Motions to Quash filed by Defendants WWGAF, Inc. and UME, Inc. [#86, #89] are **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs' Notice of Intention to Take Deposition by Written Questions issued to Prosperity Bancshares, Inc., Jefferson Bank, and Broadway Bank are hereby **QUASHED**.

**IT IS FURTHER ORDERED** that, if the District Court denies Defendants' pending motions for summary judgment, Defendants will each provide a current profit and loss statement showing current net worth **within 60 days** of the date of the District Court's summary judgment order.

**IT IS FURTHER ORDERED** that Plaintiffs' Notice of Intention to Take Deposition by Written Questions issued to Hugh A. Lancaster, CPA, of Arlington Fast Tax Service, Inc. is **MODIFIED** as set forth herein.

**IT IS FINALLY ORDERED** that in all other relief not expressly granted herein is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 19th day of October, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE